IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jill Minton, | ) |
| | ) C/A No. 8:22-cv-00161-DCC |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Little River Electric Cooperative, Inc., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court on Defendant Little River Electric Cooperative, Inc.'s Motion to Dismiss. ECF No. 5. Plaintiff Jill Minton filed a Response in Opposition to the Motion, and Defendant filed a Reply. ECF Nos. 8, 9. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

## **BACKGROUND**

Plaintiff brings this action against Defendant alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA") and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 to -110. ECF No. 1-1. Plaintiff was employed by Defendant since July of 1991 and was enrolled in Defendant's group health insurance plan, which provided long-term, post-retirement benefits for employees that retired at or after the age of 62. *Id.* at 2. The plan pays 100% of a retired employee's health insurance costs until she qualifies for Medicare upon reaching age 65 and then pays for all Medicare premiums and Medicare Part D coverage for the remainder of the retiree's life. *Id.* In September of 2021, Defendant's Board of

Directors issued a company-wide two percent minimum pay raise, with select employees receiving pay raises of up to ten percent.  *Id.* at 2.  Due to Plaintiff's position with the company, she became aware that she was the only employee who did not receive the pay increase.  *Id.*  Because Plaintiff believed that her immediate supervisor and plant manager were likely involved in denying her pay increase, she emailed two members of Defendant's Board of Directors to inquire as to why she alone was excluded from the company-wide pay increase.  *Id.* at 2–3.  Subsequently, Defendant terminated Plaintiff's employment, 15 months before her intended retirement date.  *Id.* at 3.  In Defendant's notice of intent to terminate Plaintiff's employment, Defendant cited Plaintiff's decision to communicate with two of Defendant's board members regarding her lack of pay increase as a basis for her termination, indicating her conduct violated Defendant's policies.  *Id.*

Plaintiff originally filed this suit in the Abbeville County Court of Common Pleas on December 15, 2021.  ECF No. 1-1.  On January 18, 2022, Defendant removed the case to this Court and filed a Motion to Dismiss Plaintiff's Complaint.  ECF Nos. 1, 5.  Plaintiff filed a Response in Opposition, and Defendant filed a Reply.  ECF Nos. 8, 9.  The Motion is now before the Court.

## **APPLICABLE LAW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of

the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

Defendant moves this Court to dismiss Plaintiff's Complaint for failure to state a plausible claim for relief. ECF No. 5. Specifically, Defendant argues that Plaintiff has failed to set forth sufficient factual allegations to establish a facially plausible claim of ERISA interference because the 15-month time frame following Plaintiff's termination in which she would have become eligible for retiree health insurance is too attenuated to support any inference of causation for her termination. *Id.* at 6. Defendant also claims that Plaintiff's allegation that Defendant sought to avoid any further financial obligation to

Plaintiff as Defendant's purported motivation for terminating her employment relies on baseless speculation. *Id.* Regardless, Defendant contends that Plaintiff's admitted innocuous conflicts with management and her conduct in bypassing management and communicating with members of Defendant's Board of Directors serve as lawful bases for her termination. *Id.* at 7–8. In addition, Defendant asserts that Plaintiff has failed to establish a claim for unpaid wages under SCPWA because she offers only conclusory allegations rather than providing specific facts to support her assertions, such as identifying company policies that were not followed and claiming certain amounts owed to her. *Id.* at 8.

In contrast, Plaintiff contends that she has sufficiently stated claims upon which relief can be granted. ECF No. 8 at 5, 8–9. In her Complaint, Plaintiff alleges that Defendant violated ERISA by terminating her prior to the vesting of certain retirement benefits and thus disqualifying her from continued participation in Defendant's group health insurance plan after retirement. ECF No. 1-1 at 6. Specifically, she claims that the true reason for Defendant's termination of her employment was to avoid any future financial obligation owed to her upon her retirement. *Id.* at 5. Plaintiff also asserts that Defendant has refused to pay all wages that she earned during her employment, in the form of accrued vacation and sick leave, in violation of SCPWA. *Id.* at 6. She specifically claims she is entitled to wages for the accrual of over 500 hours of paid time off, approximately 243 hours of vacation time, and 80 hours of sick time. ECF No. 8 at 9.

After careful consideration of the parties' arguments, the Court finds that Plaintiff has sufficiently stated a claim against Defendant for violation of ERISA. Section 510 of

ERISA prohibits employers from discharging a participant or beneficiary of an employee benefit plan "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140; *see Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 236 (4th Cir. 1991) (noting that Section 510 of ERISA provides employees waiting to vest in an employee benefit plan with a cause of action against an employer who discharges them for the purpose of blocking their vesting in the company's plan). Here, Plaintiff, a 61-year-old, 30-year employee of Defendant, alleges that she would have become eligible to receive certain ERISA benefits after retiring from her employment with Defendant upon reaching age 62, which was expected to occur approximately 15 months after she was terminated. She claims that her termination from employment prevented her from reaching retirement age and benefitting from continued participation in Defendant's group health insurance plan during retirement. Plaintiff further asserts that Defendant's true reason for terminating her employment was to avoid any financial obligation that would be owed to her upon her retirement. Taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has plausibly alleged that Defendant has violated ERISA.[1]

Further, the Court finds Plaintiff has sufficiently stated a claim against Defendant for violation of SCPWA. S.C. Code Ann. § 41-10-50 provides that "[w]hen an employer separates an employee from the payroll for any reason, the employer shall pay all wages

---

[1] The Court reminds Plaintiff that this decision is solely based on the fact that she has pleaded sufficient facts to withstand dismissal under the Rule 12(b)(6) standard and suggests nothing with respect to how the Court may decide a future Motion for Summary Judgment or the ultimate strength of Plaintiff's claims.

due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days." SCPWA defines "wages" as "all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract." S.C. Code Ann. § 41-10-10(2). Here, Plaintiff alleges that she earned wages in the form of accrued vacation and sick leave pursuant to Defendant's written policy and that Defendant has refused to pay all wages she earned during her employment. Taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has plausibly alleged that Defendant has violated SCPWA.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [5] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

July 19, 2022
Spartanburg, South Carolina